Filed 2/28/25  P. v. Moore CA1/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>VALLIENT CHARLES MOORE,<br><br>   Defendant and Appellant. | A171031<br><br>(Alameda County<br>Super. Ct. No. 143021) |

### MEMORANDUM OPINION[1]

Vallient Charles Moore, who is currently serving a lengthy term of imprisonment, appeals from the denial of his petition for recall and resentencing under Penal Code, section 1172.75 (section 1172.75).  As we explain below, the trial court lacked jurisdiction to hear Moore's petition, so the order denying that petition is nonappealable.  We therefore dismiss the appeal.

"[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition.  Rather the process is triggered by the

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  We provide a limited factual summary because our opinion is nonpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.)  Here, Moore appears to have sought resentencing on his own petition, without any involvement on the part of the Department of Corrections and Rehabilitation (CDCR):  The record's first indication of any proceeding under section 1172.75 is Moore's petition in pro. per., and any relevant communication from the CDCR goes unmentioned in the order denying Moore's petition (and in the rest of the record).

Conspicuously, Moore does not deny in his reply brief that his own petition was the only document identifying Moore to the trial court as someone eligible for recall and resentencing.  Nor does he claim that the CDCR had independently identified him.  Instead, Moore argues the record "does not indicate that [he] first brought this matter to the court's attention, or that this matter was handled any differently than many similar cases, i.e., by notice from the CDCR (which does not appear in the record), and considered by the superior court."  But it is the defendant who " 'bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' "  (*People v. Moore* (2021) 68 Cal.App.5th 856, 866.)  Where an "appellant has failed to provide an adequate record for review, his claim fails."  (*Ibid.*)  On this point, then, we must resolve any uncertainty against Moore.

Finally, we reject Moore's passing suggestion that the requirement for the CDCR to identify prisoners who are eligible for recall and resentencing under section 1172.75 imperils the equal protection of pro. per. petitioners. Like the defendant in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 467, who asserted "that reading the statute according to its

unambiguous language would 'trigger constitutional issues such as equal protection,' " Moore has failed to support his "assertion with any argument." Accordingly, "we treat this undeveloped argument as forfeited." (*Ibid.*)

Thus, because the "trial court lacked jurisdiction to adjudicate" Moore's petition for recall and resentencing, "we lack jurisdiction over his appeal from the [petition's] denial." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 382.) For that reason, the appeal must be dismissed. (See *People v. King* (2022) 77 Cal.App.5th 629, 634.)

## DISPOSITION

The appeal is dismissed.

SMILEY, J.

We concur:

HUMES, P.J.

LANGHORNE WILSON, J.

A171031
*People v. Moore*